IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON

UNITED STATES OF AMERICA

   Plaintiff,

v.

                  Case No. 3:03-cr-00253

JASON LOREL MINTER,

   Defendant.

**MEMORANDUM OPINION AND ORDER**

  Pending before the Court is the Government's Motion to Authorize Payment from Inmate Trust Account. ECF No 199. For reasons provided below, the Court **GRANTS** the Motion.

**I.**  **Background**

  Defendant Jason Lorel Minter was found guilty by a jury of all counts of a three count indictment charging him with possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking offense 18 U.S.C. § 924(c)(1)(A)(I); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2). ECF No. 52. On July 27, 2004, this Court sentenced Mr. Minter to 360 months of incarceration followed by 5 years of supervised release. ECF No. 93, at 2–3. The Court also ordered Mr. Minter to pay a $5,000.00 fine and $300.00 in special assessments ($100.00 for each felony conviction). *Id.* at 5.

  On September 30, 2020, the United States of America filed a Motion with the Court stating that to date, Mr. Minter has paid his special assessments and but has made minimal payments toward the $5,000.00 fine. ECF No. 199, at 1. The Government maintains that Mr. Minter has an outstanding fine of $4,650.00. *Id.* The Government claims that it recently discovered Mr. Minter

has substantial funds in his inmate trust account that is maintained by the Bureau of Prisons ("BOP"), and it has asked the Court to enter an order authorizing the BOP turn the funds over the Clerk of Court in partial satisfaction of Mr. Minter's outstanding fine. *Id.* at 2.

Mr. Minter was given notice of the Government's Motion and filed an Objection arguing that the Government did not notify him at his sentencing that they would be enacting section 3613 to enforce or control the payment of his fine. ECF No. 201, at 1. Mr. Minter states that he has complied with the BOP's payment scale which determines how his fine should be paid. *Id.* at 2. He further asks that if the Court is not inclined to deny the Government's Motion that it order the Government to reach a fair and impartial agreement with Mr. Minter and that he not be required to comply with two separate agreements for the payment of his fine. *Id.*

II. **Discussion**

Federal inmates are permitted to have commissary accounts to maintain monies during their period of incarceration. 28 C.F.R. § 506.1. Loved ones and friends of inmates can deposit funds into their accounts. *Id.* Courts have found that inmates have a property interest in their funds contained in these inmate trust accounts. *See United States v. Kenney*, No. CR 1:17-00195-004, 2020 WL 1934967, at *2 (S.D.W. Va. Apr. 22, 2020); *Jensen v. Klecker*, 648 F.2d 1179, 1183 (8th Cir. 1981); *Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986). Nonetheless, courts in this circuit have permitted the Government to reach inmate trust accounts to satisfy outstanding fines and restitution. *See Kenney*, 2020 WL 1934967, at *3; *United States v. Hill*, No. 4:13-CR-28-BR, 2017 WL 2964016 (E.D.N.C. May 24, 2017), *aff'd*, 706 F. App'x 120 (4th Cir. 2017).

The Government "may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal or State law." 18 U.S.C. § 3613(a). Fines may be enforced against any and all property owned by a defendant with the

exception of certain property that is exempt under section 6334 of the Internal Revenue Code, title 28 United States Code section 3014, and certain provisions of the Consumer Credit Protection Act. 18 U.S.C. § 3613(a)(1)–(3).

The law further provides that a fine imposed as part of a criminal sentence "is a lien in favor of the United States on all property and rights to property of the person fined . . . ." 18 U.S.C. § 3613(c). Accordingly, although Mr. Minter has a property interest in his inmate trust account, the Government has a valid lien over the funds contained therein. Moreover, the property in the account is cash and therefore does not fall within the exempt property in section 3613. *See Kenney*, 2020 WL 1934967, at *2.

While the Court understands Mr. Minter's concerns about being obligated to comply with more than one agreement regarding the payment of his fine, the current Order does not subject Mr. Minter to a new or additional agreement. This Order will not affect any agreement he has with the BOP regarding the payment of his fines. Instead, his outstanding fine will be reduced by the funds that are currently in his account. Nonetheless, the Court will require the Government to confirm with the BOP what Mr. Minter's monthly obligations are regarding the payment of his fines. The Government shall leave sufficient funds in the account so that Mr. Minter will not be found in violation of any payment schedule or agreement he has with the BOP.

### III. Conclusion

Accordingly, Court **GRANTS** the Government's Motion, ECF No. 199. The Court **DIRECTS** the Government to confer with the Bureau of Prisons at USP Thomson regarding Mr. Minter's monthly obligations for the payment of his fines and determine how much money should be left in his inmate trust account to ensure he can comply with any agreement he was with the Bureau. The Court further **ORDERS** Bureau of Prisons at USP Thomson to turn over to the Clerk

of Court the appropriate amount of funds, as determined by the Bureau of Prisons and the Government, from the trust account for the following inmate:

> Jason Lorel Minter
> Register No. 07288-088

The Clerk shall apply these funds as payment for the outstanding fine owed by the Defendant in this case, Jason Lorel Minter.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the Defendant, the United States Attorney's Office, the United States Marshals Service, and the Bureau of Prisons at USP Thomson.

ENTER: October 16, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE